IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Veronda Fitzgerald, | ) | C/A No.: 3:09-3149-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Aggregate Industries Management, Inc., | ) | ORDER GRANTING JOINDER |
| Synovus Trust Company, N.A., The | ) | OF NECESSARY PARTY |
| Prudential Insurance Company of | ) | |
| America, and Joyce M. Branch, as | ) | |
| Personal Representative of the Estate | ) | |
| of Lyndell McGowan, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the court on the motion of defendant Joyce M. Branch ("Personal Representative"), as Personal Representative of the Estate of Lyndell McGowan ("Decedent"), made pursuant to Fed.R.Civ.P. 19 to join Velvet McGowan ("Proposed Defendant") as a defendant to this action on the grounds that, in the Proposed Defendant's absence, this court cannot accord complete relief among existing parties. For the reasons that follow, the court grants the motion.

Plaintiff Veronda Fitzgerald is the former step-daughter of Decedent and seeks payment of funds in the 401(k) retirement plan sponsored by his former employer. The Proposed Defendant is Plaintiff's biological mother, who divorced Decedent in 2003. While still married in 1996, Decedent designated Proposed Defendant as beneficiary of the 401(k) plan, with Plaintiff as second beneficiary of the same plan ("1996 designation"). In January

1999, Decedent executed a new designation of beneficiary wherein Proposed Defendant was named as sole beneficiary and no secondary beneficiary was named ("1999 designation"). The Personal Representative contends the 1996 designation was superseded by the 1999 designation and that any rights Plaintiff or the Proposed Defendant had to Decedent's profit sharing funds were extinguished by the divorce decree of 2003 such that the Decedent's estate is entitled to the 401(k) proceeds.

Plaintiff did not include her mother as a defendant in this action. Personal Representative argues that the mother is a necessary party to this litigation to properly and finally determine and extinguish any right she might have to the funds in issue. The court finds that compulsory joinder of the Proposed Defendant is appropriate and necessary because she is a party who, if absent from this action, restricts the court's ability to accord complete relief among existing parties, Fed. R. Civ. P. 19(a)(1)(A). Further, she is a person with a potential interest in the profit sharing funds whom the outcome of this action may legally or practically impair, Fed. R. Civ. P. 19(a)(1)(B)(i); and she is a person who, if not a party to this action, leaves exiting parties subject to substantial risk of incurring inconsistent obligations because of the interest, Fed. R. Civ. P. 19(a)(1)(B)(ii). The court notes that joinder of the Proposed Defendant will not destroy the court's jurisdiction over this matter, and that her joinder is warranted under Rule 19 and in the interests of finality and judicial economy.

For the foregoing reasons, the court grants Personal Representative's motion for joinder of Velvet McGowan as a defendant in this action. Personal Representative is directed

to file and serve (with summons) a cross claim against Ms. McGowan, together with this Order, by February 17, 2010. Should Ms. McGowan choose to forfeit any potential interest she may have in the Decedent's profit sharing funds, she may so advise the court in writing and filed in the docket in this case, through the Clerk's Office.

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

January 28, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge